UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL R. NACK, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:10CV00478 AGF |
| DOUGLAS PAUL WALBURG, | ) ) ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This removal action matter is before the Court on Defendant's Motion for Summary Judgment (Doc. #19). At issue is whether there is a private cause of action under the Telephone Consumer Protection Act for failing to include an opt-out notice on an advertising fax that was not "unsolicited," but rather was sent after receiving the express approval of the recipient. Because the Court finds there is no such requirement under the applicable statute or regulations, the motion shall be granted.

# BACKGROUND

Plaintiff Michael Nack filed this action in state court individually and on behalf of all others similarly situated, against Defendant Douglas Paul Walburg, the sole proprietor of Mariposa Publishing. Plaintiff alleges in his second amended complaint that Defendant sent an "unsolicited" fax advertisement that did not include an "opt-out" notice as allegedly required by the Federal Communications Commission ("FCC"), under 47

C.F.R. § 64.1200(a)(3)(iv), promulgated under the Telephone Consumer Protection Act of 1991 ("TCPA"), as amended by the Junk Fax Prevention Act of 2005 ("JFPA"), 47 U.S.C. § 227. Plaintiff seeks damages under the TCPA.[1] The action was removed by Defendant to this Court under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

For purposes of the summary judgment motion, the facts are as follows. Mariposa Publishing publishes and offers for sale in six states, including Missouri, an Attorney's Handbook which serves as a reference manual listing judges and their support staff, filing fees, etc. One of Defendant's employees makes cold calls to law firms in an attempt to sell the Handbook, and offers to fax them marketing material describing it. Before faxing the marketing material, the potential customer must give permission to fax the material and must supply Defendant's employee with the potential customer's fax number.

On May 10, 2007, Defendant's employee called Plaintiff's office and spoke with his answering service. Defendant's employee asked if she could fax the marketing material about the Handbook to Plaintiff's office. The answering service secretary answered in the affirmative and supplied Defendant's employee with Plaintiff's fax number. Plaintiff's contract with the answering service authorized Plaintiff's fax number to be given out on demand. The marketing materials were thereafter faxed to Plaintiff on that same day. The marketing materials did not contain a notice informing the recipient

---

[1] After Defendant filed its motion for summary judgment, Plaintiff voluntarily dismissed Counts II and III of the Second Amended Complaint [Doc. #23], leaving only Plaintiff's claim under the TCPA.

how to "opt-out" from receiving future fax advertisements.

In support of its motion for summary judgment, Defendant asserts that the uncontroverted facts establish that the fax was not "unsolicited"; that "clear and unambiguous Congressional intent" demonstrates that the TCPA only applies to unsolicited faxes; and that no private cause of action exists for failing to include an opt-out notice on a permissive fax.  Although Plaintiff now concedes that the fax from Defendant was sent to his office with permission, Plaintiff asserts that the fax still violates the Act because it failed to contain an opt-out notice.  As such, Plaintiff asserts, the fax was sent in violation of 47 C.F.R. § 64.1200(a)(3)(iv), which states that "[a] facsimile advertisement that is sent to a recipient that has provided prior express invitation or permission to the sender must include an opt-out notice that complies with the requirements in paragraph (a)(3)(iii) of this section."

In support of his reading of the regulation, Plaintiff argues that "people change their minds about, or lose interest in or need for, various products or services everyday. Consequently, Congress and the FCC empowered consumers by mandating opt-out notices."  Plaintiff further argues that Defendant's position rests on the "logical fallacy" that "permission given once by anyone is permission given forever and may not be retracted."  Plaintiff maintains that he has standing to sue for failure to include an opt-out notice on a permissive fax because § 227(b)(3) of the TCPA expressly and explicitly provides a private right of action for either a violation of the statute or a violation of the FCC regulations enacted under the statute.  Furthermore, Plaintiff argues that the FCC

3

regulation is a "necessary and a reasonable interpretation" of the TCPA. Defendant asserts that the regulation, so interpreted, is contrary to the statute and that the court should refuse to find an intent by Congress to provide a private cause of action for its violation. Plaintiff responds that this court lacks jurisdiction to decline enforcement, as pursuant to the Hobbs Act, 28 U.S.C. § 2342, Defendant can only challenge the validity of the FCC regulation in the federal courts of appeals.

## DISCUSSION

**Summary Judgment Standard**

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); First S. Co. v. Jim Lynch Enterps., Inc., 932 F.2d 717, 718 (8th Cir. 1991). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. United Fire & Cas. Co. v. Gravette, 182 F.3d 649, 654 (8th Cir. 1999). In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the nonmoving party and that party must be given the benefit of all reasonable inferences that can be drawn from the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Here, there is no dispute as to the facts. Plaintiff now acknowledges that Defendant received express permission to send the particular fax at issue, and that the fax was not "unsolicited" within the meaning of the TCPA.

**The TCPA and 47 C.F.R. § 64.1200**

The TCPA of 1991 prohibited, inter alia, the sending of an "unsolicited advertisement" via a fax machine. An "unsolicited" fax advertisement was defined as one transmitted without the recipient's "prior express invitation or permission." In 1992, the FCC, in adopting rules to implement the TCPA, concluded that fax advertisements "from persons or entities who have an established business relationship [EBR] with the recipient can be deemed to be invited or permitted by the recipient." In re Rules and Regulations Implementing the TCPA of 1991, 7 F.C.C.R. 8752, 8779 n. 87 (1992), 1992 WL 690928.

In July 2003, the FCC issued new junk fax provisions, in which the FCC reversed its prior position on the effect of an EBR, "effectively eliminating the EBR exception to the general prohibition on unsolicited fax advertisements. Instead the FCC concluded that a recipient's express invitation or permission must be in writing . . . ." S. Rep. 109-76, 2005 WL 3751936, at *2 (June 7, 2005).

In response to the FCC's announced intention essentially to eliminate the EBR exception, Congress, in 2005, enacted the JFPA, which amended the TCPA and codified the EBR exception that the FCC had adopted prior to 2003. Section 227(b)(1)(C), now makes it unlawful:

> (C)  to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement, unless --
>
>> (i)  the unsolicited advertisement is from a sender with an established business relationship with the recipient;

>   (ii) the sender obtained the number of the telephone facsimile machine through --
>
> > (I) the voluntary communication of such number, within the context of such established business relationship, from the recipient of the unsolicited advertisement, or
> >
> > (II) a directory, advertisement, or site on the Internet to which the recipient voluntarily agreed to make available its facsimile number for public distribution,
>
> Except that this clause shall not apply in the case of an unsolicited advertisement that is sent based on an established business relationship with the recipient that was in existence before July 9, 2005, if the sender possessed the facsimile machine number of the recipient before such date of enactment; and
>
> > (iii) the unsolicited advertisement contains a [clear and conspicuous notice on the first page of the unsolicited advertisement, with said notice stating that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements].

Subsection 227(b)(3) provides for a private right of action as follows:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that state --
>
>   (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
>   (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
>   (C) both such actions.

The TCPA definition of an "unsolicited" fax advertisement can now be found at § 227(a)(5) as one "which is transmitted to any person without that person's prior express

invitation or permission, in writing or otherwise."

In 2006, to implement the 2005 amendments to the statute, the FCC amended its regulations under the TCPA. The regulation relevant here, 47 C.F.R. § 64.1200, provides as follows:

    (a)    No person or entity may:

*   *   *

    (3)    Use a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine, unless --

        (i)    The unsolicited advertisement is from a sender with an [EBR] with the recipient; and

        (ii)    The sender obtained the number of the telephone facsimile machine through [certain specified ways]; and

        (iii)    The advertisement contains [an opt-out notice meeting certain specified requirements].

        (iv)    A facsimile advertisement that is sent to a recipient that has provided prior express invitation or permission to the sender must include an opt-out notice that complies with the requirements in paragraph (a)(3)(iii) of this section. . . .

*   *   *

## Analysis

As noted above, in his second amended complaint, Plaintiff claimed that the fax sent by Defendant was unsolicited. However, as Plaintiff acknowledges, this has been refuted by the record; and Plaintiff is opposing the summary judgment motion only on the

7

ground that the fax failed to contain an opt-out notice as set forth in 47 C.F.R. § 64.1200(a)(3)(iv).

Subsection 227(b)(3) of the TCPA, as quoted above, states that a private right of action exists for "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation" or to recover damages, or both. 47 U.S.C. § 227(b)(3)(A)-(C) (2006). Therefore, if an opt-out notice is required by the regulation, Plaintiff has a right to bring a cause of action under the TCPA, alleging that Defendant violated this regulation by not including an opt-out notice on a fax advertisement sent with prior express permission.[2]

This Court concludes, however, that 47 C.F.R. § 64.1200(a)(3)(iv) does not apply to the facts of this case, which does not involve an "unsolicited" fax advertisement. Neither party has pointed the Court to evidence of the FCC's own interpretation of its regulation in question. "When a court construes an administrative regulation, the normal tenets of statutory construction are generally applied." Neb. Pharmacists Ass'n, Inc. v. Neb. Dep't of Soc. Servs., 863 F. Supp. 1037, 1046 (D. Neb. 1994) (citing Black & Decker Corp. v. Comm'r, 986 F.2d 60, 65 (4th Cir. 1993)). "Additionally, the regulation must of course be 'interpreted so as to harmonize with and further and not to conflict with

---

[2] Although not raised by the parties, the Court must satisfy itself that it has subject matter jurisdiction over this action. All federal courts of appeals that have considered the question have concluded that federal district courts have federal-question jurisdiction over claims under the TCPA and pendent state law claims, even though the TCPA explicitly provided for a private right of action in state court. Charvat v. EchoStar Satellite, LLC, ___ F.3d ___, No. 09-4525, 2010 WL 5392875, at *4 (6th Cir. Dec. 30, 2010) (citing cases from three other circuits).

the objective of the statute it implements.'" Id. (citations omitted). A "regulation should be interpreted in a manner that effectuates its central purposes." Anthony v. Poteen Housing Auth., 306 F. App'x 98, 101 (5th Cir. 2009) (citation omitted).

Reviewing the regulation as a whole, the provision in question, 47 C.F.R. § 64.1200(a)(3)(iv), purports, on its face, to apply only to unsolicited faxes. The paragraph requiring the opt-out notice, on which Plaintiff relies, is under the paragraph that prohibits the sending of an "unsolicited" fax advertisement.

Even if the plain language of the regulation were ambiguous, this interpretation is supported by the FCC's own explanation. In its May 3, 2006 Rules and Regulations Implementing the [TCPA] of 1991; [JFPA] of 2005, 71 Fed. Reg. 25967-01, 2006 WL 1151584 ("2006 Rules and Regulations"), the FCC states several times that its rule requiring an opt-out notice applies to all *unsolicited* fax advertisements. See 71 Fed. Reg. at 25970, 25976 (emphasis added). The clearest statement on the matter appears in parenthesis after the statement that the Commission believes that the benefits to consumers of having opt-out information readily available outweighs any burden of including such matters: "(The Commission notes that the opt-out notice requirement only applies to communications that constitute unsolicited advertisements.)." Id. at 25791.

To support its assertion that all faxes, whether solicited or unsolicited, must contain opt-out language, Plaintiff relies on the following paragraph that appears later in the 2006 Rules and Regulations:

> Senders who claim they obtained a consumer's prior express invitation or permission to send them facsimile advertisements prior to the effective date

9

> of these rules, will not be in compliance unless they can demonstrate that such authorization met all the requirements adopted herein. In addition entities that send facsimile advertisements to consumers from whom they obtained permission must include on the advertisement their opt-out notice and contact information to allow consumers to stop unwanted faxes in the future.

Id. at 25972. The Court notes that the 2006 Rules and Regulations contain other instances where the opt-out notice requirement is not expressly limited to unsolicited faxes. See id. at 25974. This language, however, does not persuade the Court that the regulation in question applies to a fax advertisement that is sent, as here, pursuant to the recipient's express and specific permission.

In light of this ruling and the undisputed facts of this case, the Court is not called upon to determine when and how the regulation requiring opt-out language would apply. The Court notes, however, that its interpretation makes sense in the context of the statute and regulations overall. The first sentence of the above-quoted paragraph on which Plaintiff relies references "a consumer's prior express invitation or permission" obtained "prior to the effective date of these rules." The Court believes, therefore, that the situation the FCC was addressing was one in which at some previous point in time, perhaps pursuant to an EBR, permission was given. Any such sender who thereafter sent an "unsolicited" fax, in reliance on the earlier permission, would need to include an opt-out notice as required by 47 C.F.R. § 64.1200(a)(3)(iii) and (iv), for the later fax.

This interpretation is consistent with the TCPA, and with Congress' and the FCC's stated intent to prevent "unsolicited" facsimile advertisements. The second fax posited above is unsolicited to the extent that express permission has not been given on this

second occasion, and requiring the opt-out notice in this situation properly addresses Plaintiff's concern that permission once given would be permission forever given.

The only case law cited or found addressing whether, under 47 C.F.R. § 64.1200(a)(3)(iv), an invited fax advertisement must include an opt-out notice is a Missouri state trial court case, MSG Jewelers, Inc. v. C & S Quality Printing, Inc., No. 07AC-028676 E CV, 2008 WL 6790582 (July 17, 2008).[3] The court there concluded that where a party "previously consented to be sent advertising faxes," a fax advertisement sent to the party still had to contain an opt-out notice, pursuant to the above-noted FCC regulation. Id. While the language of the holding in that case is broad, it appears that factually, it was a case in which the recipient had previously consented to be sent fax advertisements, and not a case like the instant one, where the recipient gave permission to send the very fax that gives rise to the claimed violation. Indeed, in such a "previous-consent" case, this Court, too, might hold that an opt-out notice is required. In any event, MSG Jewelers is not binding on this Court.

Pursuant to this Court's interpretation of 47 C.F.R. § 64.1200(a)(3)(iv), there are no material facts in dispute as to Count I of Plaintiff's amended complaint, and Defendant is entitled to judgment as a matter of law. Plaintiff acknowledges that permission was granted to Defendant to send the fax advertisement on May 10, 2007, and it thus did not

---

[3] At least two federal judges have declined to reach this question. See Practice Mgmt. Support Servs., Inc., v. Appeal Solutions, Inc., No. 09 C 1937, 2010 WL 748170, at *4 (N.D. Ill. Mar. 1, 2010); Clearbrook v. Rooflifters, LLC, No. 08 C 3276, 2010 WL 2635781, at *4 (N.D. Ill. June 28, 2010).

require an opt-out notice.  The Court further notes that Plaintiff's Hobbs Act argument has no application.[4]  Here, the Court is not enjoining, setting aside, annulling, or suspending the FCC regulation in question.  Rather the Court is simply holding the regulation, while wholly valid, does not apply to the facts of this case.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Defendant Michael Nack for summary judgment on Count I of Plaintiff's Second Amended Complaint is **GRANTED**. [Doc. #19].

All claims having been resolved, a separate Judgment shall accompany this Memorandum and Order.

                                              _/s/ Audrey G. Fleissig_
                                              AUDREY G. FLEISSIG
                                              UNITED STATES DISTRICT JUDGE

Dated this 28th day of January, 2011.

---

[4] The Hobbs Act, 28 U.S.C. § 2342, establishes the jurisdiction of the federal courts of appeals, stating, "[t]he court[s] of appeals (other than the United States Court of Appeals for the Federal Circuit) has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of – (1) all final orders of the [FCC] made reviewable by section 402(a) of title 47." Title 47 U.S.C. § 402(a), in turn, states, "[a]ny proceeding to enjoin, set aside, annul, or suspend any order of the [FCC] under this chapter (except those appealable under subsection (b) of this section) shall be brought as provided by and in the manner prescribed in chapter 158 of Title 28."