IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL R. NACK, Individually, and on behalf of all others similarly-situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:10CV00478 AGF ) |
| DOUGLAS PAUL WALBURG, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's motion to stay (Doc. No. 55). After careful consideration, the Court will grant Defendant's motion.

Plaintiff claimed in this action that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by faxing Plaintiff advertisements that did not have an opt-out notice. Plaintiff conceded that the faxes were sent with Plaintiff's permission. On January 28, 2011, this Court granted Defendant summary judgment, concluding that there was no private cause of action under the TCPA for failing to include an opt-out notice on an advertising fax that was not "unsolicited," but rather was sent after receiving the express approval of the recipient; and that an FCC regulation requiring an opt-out notice only applied to unsolicited faxes. *Nack v. Walburg,* 4:10CV00478 AGF, 2011 WL 310249 (E.D. Mo. Jan. 28, 2011).

On appeal, the Eighth Circuit reversed, based on the FCC's interpretation of its regulation as applying to permissive, as well as unsolicited, faxes. *Nack v. Walburg*, 715

F.3d 680 (8th Cir. 2013). The Appellate Court noted that it found it "questionable whether the regulation at issue [as applied to solicited faxes] properly could have been promulgated under the statutory section that authorizes a private cause of action," but based its reversal on deference, under the Hobbs Act, 28 U.S.C. § 2342, *et seq*., to the FCC's interpretation of its own regulation. *Id.* at 682.

The Eighth Circuit also noted that Defendant had not attempted to file an administrative petition with the FCC challenging the regulation; thus the Court declined to consider "whether a refusal of the agency to consider a substantive challenge to the regulation would allow this court to exercise jurisdiction over such a challenge." *Id.* at 686 n.2. The Court concluded its opinion as follows: "On remand, the district court may entertain any requests to stay proceedings for pursuit of administrative determination of the issues raised herein." *Id.* at 686.

In line with the Eighth Circuit's suggestion, Defendant now seeks a stay in order to pursue administrative remedies through a Petition for Declaratory Ruling and/or Waiver that Defendant filed with the FCC on August 19, 2013. Defendant states that he further intends to file a Petition for Writ of Certiorari in the United States Supreme Court with respect to the Eighth Circuit's decision. In opposition to the motion to stay, Plaintiff argues that entering a potentially lengthy stay would unduly prejudice the class, especially since the FCC has already made its position clear both in its regulations and in its amicus brief to the Eighth Circuit.

Following the Eighth Circuit's decision in *Nack*, another court in this District recently granted a stay pending administrative proceedings in a similar TCPA case. *St.*

*Louis Heart Ctr., Inc. v. The Forest Pharm., Inc.*, 4:12CV02224 JCH (E.D. Mo. July 17, 2013). In light of the Eighth Circuit's suggestion, this Court will follow suit. The Court is not persuaded that Plaintiffs will be unduly prejudiced by such a stay.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to stay is **GRANTED**. (Doc. No. 55.)

**IT IS FURTHER ORDERED** that this case is **STAYED** until final rulings are issued by the FCC on Defendant's Petition for Declaratory Ruling and/or Waiver, and on any appeals filed in connection with the ruling. Defendant shall forthwith notify the Court of the FCC's ruling and any appeal filed in connection thereto.

**IT IS FURTHER ORDERED** that the Clerk of Court shall administratively close this matter.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 12th day of September, 2013.

3